**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALICIA JASMIN GONZALEZ MALDONADO, *et al.* | § § § | |
| Plaintiffs, | § § | Case No. 20-cv-640 |
| v. | § § | |
| STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC. | § § § § | |
| Defendants. | § § | |

<u>**DEFENDANT STANDARD AERO (SAN ANTONIO), INC.'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1442(a)(1), Defendant Standard Aero (San Antonio), Inc. ("SASAI") gives notice of the removal of this action from the 408th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support would show the Court the following:

**I.
FACTUAL BACKGROUND**

1.      On April 27, 2020, Plaintiffs filed suit against SASAI in the 408th Judicial District Court of Bexar County, Texas, in a case captioned *Alicia Jasmin Gonzalez Maldonado, et al. v. Standard Aero (San Antonio), Inc. and Standard Aero Redesign Services, Inc.*, Cause No. 2020CI07784 (the "State Court Action"). *See generally Orig. Pet.*, **Ex. A**.

2.      According to Plaintiffs' Original Petition, on May 2, 2018, Plaintiffs' decedents— eight members of the Puerto Rico Air National Guard ("Decedents")—departed Savannah/Hilton Head International Airport in Georgia aboard a U.S. military WC-130H aircraft (the "Aircraft"). *Id.,* ¶¶ 8-10.  The purpose of the trip was to transport the Aircraft to Davis-Monthan Air Force

Base in Arizona for removal from service. *Id., ¶*9.  The Aircraft crashed shortly after takeoff, killing all aboard. *Id.,* ¶11.

3.      As a result of the accident, Plaintiffs have asserted negligence claims against SASAI alleging it failed to properly repair, maintain and/or overhaul the Aircraft's no. 1 engine's compressor module and, generally, failed to properly perform other maintenance, repairs, inspections, tests, and/or overhaul work on the Aircraft and the Aircraft's No. 1 engine (the "Engine"), resulting in the accident. *Id.*, ¶¶ 13-14, 17.[1]

4.      Since 1998, SASAI has been a party to a series of contracts and subcontracts under which it performs maintenance and related services on model T56 aircraft engines[2] and accessories operated by the United States Air Force, Navy, and National Guard (the "Contracts").

5.      The repairs and other maintenance work completed on the Engine and the Engine's component parts and modules by SASAI were performed pursuant to one or more of the Contracts.

6.      Under the Contracts, SASAI must accomplish all tasks pursuant to specific instructions provided in the United States Air Force's Technical Orders and Work Specifications. SASAI adheres exclusively to these government-issued instructions and specifications.

## II.
## PROCEDURAL REQUIREMENTS

7.      This Notice of Removal is being filed within 30 days after receipt by SASAI of Plaintiffs' Original Petition, and is therefore timely under 28 U.S.C. § 1446(b).

8.      This action is properly moved to this Court because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a).

---

[1] Plaintiffs make similar, but not identical, negligence allegations against Defendant Standard Aero Redesign Services, Inc. *Orig. Pet.,* ¶18.
[2] The Rolls-Royce model T56 turboprop engine is used by United States and foreign militaries.

9.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of all process, pleadings, and orders filed in the State Court Action.  *See* **Ex. A**.

10.      Defendant Standard Aero Redesign Services, Inc. consents to this removal.

11.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the 408th District Court for Bexar County, Texas.   A copy of this Notice is attached as **Ex. B.**

**III.**
**<u>GROUNDS FOR REMOVAL</u>**

12.      Under 28 U.S.C. § 1442—commonly referred to as the Federal Officer Removal Statute—"[f]ederal officers may remove cases to federal court that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). "[S]ection 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response." *Id.*  Stated differently, "the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* at 290-91 (citing *Mesa v. California*, 489 U.S. 121, 136 (1989)).

13.      A defendant may also remove a lawsuit pursuant to Section 1442(a) if it shows the following: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais*, 951 F.3d at 296; *see* 28 U.S.C. §§ 1331 and 1442(a)(1).  As set forth below, SASAI satisfies each of the four elements.

A.     **SASAI A**SSERTS A **C**OLORABLE **F**EDERAL **D**EFENSE.

14.     To be considered "colorable," a federal defense does not have to be clearly sustainable. *Latiolais*, 951 F.3d at 296-97. "[I]f a defense is plausible, it is colorable." *Id.* at 297.

15.     SASAI herein asserts a colorable federal defense—i.e., the government contractor defense. SASAI performed all services on the Engine and/or its component parts and modules in strict conformity with the technical materials provided and approved by the United States Air Force. Because the work was performed by SASAI at the request of the government in adherence to explicit government instructions, SASAI is entitled to the government contractor defense. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *see also In re Air Disaster at Ramstein Air Base Germany on 8/29/90,* 81 F.3d 570, 576 (5th Cir. 1996); *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1334-35 (11th Cir. 2003). SASAI plainly satisfies the first prong.

B.     **SASAI** IS A **"P**ERSON**"** WITHIN THE **M**EANING OF THE **S**TATUTE.

16.     As a corporate entity, SASAI is a "person" within the meaning of the Federal Officer Removal Statute. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) ("[C]orporate entities qualify as 'persons' under § 1442(a)(1)."). Accordingly, SASAI satisfies the second prong.

C.     **SASAI A**CTED **P**URSUANT TO A **F**EDERAL **O**FFICER'S **D**IRECTIONS.

17.     SASAI likewise satisfies the third prong. SASAI was tasked with performing maintenance services on the Engine and/or its component parts and modules pursuant to exacting specifications and directions set out by the United States Air Force. These facts alone are sufficient to meet this prong. *See Latiolais*, 951 F.3d at 296.

**D.**   **THE CONDUCT PLAINTIFFS COMPLAIN ABOUT IS CONNECTED TO OR ASSOCIATED WITH AN ACT PURSUANT TO A FEDERAL OFFICER'S DIRECTIONS.**

18.   Finally, the charged conduct—*i.e.*, SASAI's purported negligence in maintaining the Engine—was performed by SASAI at the request of the government and in accordance with the government's specifications.  Thus, the fourth and final prong is satisfied. *See Latiolais*, 951 F.3d at 296; *see also Winters*, 149 F.3d at 399–400 (finding that the defendant's acts performed pursuant to government specifications and oversight were sufficiently connected to a federal officer's directions).

19.   In sum, the Court has jurisdiction over the Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1442(a)(1) as a suit against a federal officer.

## CONCLUSION

WHEREFORE, SASAI removes this case to the United States District Court for the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. §§ 1331, 1441 and 1442(a)(1), and respectfully request that the Court proceed with this action as if it had originally commenced in this Court, make all orders necessary and appropriate to effectual this removal, and pray for any such other or further relief to which they may show themselves justly entitled.

Respectfully submitted,

By:  */s/ Stuart B. Brown, Jr.*

Stuart B. Brown, Jr.
State Bar No. 24006914
bbrown@jw.com
Justin V. Lee
State Bar No. 24097982
jlee@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6000
Facsimile:  (214) 661-6608

Stephen Calhoun
State Bar No. 24069457
scalhoun@jw.com
**JACKSON WALKER LLP**
112 E. Pecan St., Suite 2400
San Antonio, Texas  78205
Telephone: (210) 978-7700
Facsimile:  (210) 978-7790

**ATTORNEYS FOR DEFENDANT
STANDARD AERO (SAN
ANTONIO) INC.**

## CERTIFICATE OF SERVICE

This is to certify that on May 28, 2020, a true and correct copy of the foregoing was served on the following counsel of record via ECF and/or e-mail:

Thomas A. Crosley
CROSLEY LAW FIRM, P.C.
3303 Oakwell Court, Suite 200
San Antonio, Texas 78218
tom@crosleylaw. om

Donald J. Nolan
Thomas P. Routh
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois  60602
djn@nolan-law.com
tpr@nolan-law.com
**ATTORNEYS FOR PLAINTIFFS**

Glenn A Garber
GLENN A. GARBER, P.C.
233 Broadway, Suite 2370
New York, New York  10279
ggarber@glenngarber.com
**ATTORNEY FOR PLAINTIFF**
**ROBERT ESPADA VEGA**

*/s/ Stuart B. Brown, Jr.*
Stuart B. Brown, Jr.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

ALICIA JASMIN GONZALEZ MALDONADO, individually and as mother and next friend of CATALEYA MARINA ROMAN GONZALEZ a minor, and as personal representative of the ESTATE OF RAFAEL ROMAN RO

## DEFENDANTS

STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC.

**(b)**   County of Residence of First Listed Plaintiff    Comm. of Puerto Rico
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas A. Crosley, Crosley Law Firm, P.C., 3303 Oakwell Court, Suite 200, San Antonio, Tx 78218 (210) 529-3000

Attorneys *(If Known)*
Stuart B. Brown, Jr. and Justin v. Lee, Jackson Walker LLP, 2323 Ross Avenue, Suite 600, Dallas, Tx 75201; (214) 953-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☒ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec. 1331, 1441 and 1442(a)(1)

Brief description of cause:
Wrongful death action resulting from airplane crash.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
05/28/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stuart B. Brown, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
San Antonio                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

 408th Judicial District Court, Bexar County, Texas
 Case No. 2020CI07784
 Alicia Jasmin Gonzalez Maldonado, et al. v. Standard Aero (San Antonio), Inc., et al.

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

 Plaintiffs                              04/27/2020
 Party Name                              Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 See attached Party and Counsel Information Sheet

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

 N/A

TXWD - Supplement to JS 44 (Rev. 9/2019)                              Page 1

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

N/A

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

N/A

**VERIFICATION**:

/s/ Stuart B. Brown, Jr.                                05/28/2020
Attorney for Removing Party                       Date

Counsel for Defendants
Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

Plaintiffs demanded a jury in the title of their petition, but there is no entry in the state court docket indicating that the Plaintiffs have paid the necessary jury fee, as required by Texas Rule of Civil Procedure 216(b).

**PARTY AND COUNSEL INFORMATION FOR**
**SUPPLEMENT TO CIVIL COVER SHEET**

| **PLAINTIFFS** | **COUNSEL FOR PLAINTIFFS** |
|---|---|
| ALICIA JASMIN GONZALEZ MALDONADO, individually, as mother and next friend of CMRG, a minor, and as personal representative of the ESTATE OF JOSE RAFAEL ROMAN ROSADO, deceased, JEREMY JOSE ROMAN GUZMAN, SEBASTIAN GABRIEL ROMAN SANTOS, JOSE ROMAN and CLARA ROSADO;<br><br>VEDA LIZ CRUZ RIVERA, individually, as personal representative of the ESTATE OF CARLOS MIGUEL PEREZ SERRA, deceased, and as mother and next friend of DAPC, a minor, GIANCARLO PEREZ NAZARIO, MARILINDA NAZARIO ROSADO, as mother and next friend of AMPN, a minor, and CARMEN SERRA;<br><br>NICOLETA IULIANA PADUREANU, individually, as mother and next friend of AIA, a minor, and as personal representative of the ESTATE OF DAVID SAMUEL ALBANDOZ, deceased  JOSE M. ALBANDOZ and ROSA J. GARCIA;<br><br>JEAN PAUL PARAVISINI RIVERA, individually and as personal representative of the ESTATE OF JAN ANTOINE ARAVISINI RUIZ, deceased, ANTOINETTE MARIE PARAVISINI RIVERA, PAOLA ALEJANDRA PARAVISINI RIVERA, ANTONIO PARAVISINI SANTIAGO and XENIA RUIZ SEDA;<br><br>AILEEN ORTIZ FLORES, individually, as mother and next friend of MAAO, a minor, as mother and next friend of JAAO, a minor, and as personal representative of the ESTATE OF JEAN MICHAEL AUDIFFRED RIVERA, deceased, JUAN AUDIFFRED and ISABEL RIVERA;<br><br>SOLDELIX GONZALEZ RIVERA, individually, as mother and next friend of VDCG, a minor, as mother and next friend of | Thomas A. Crosley<br>State Bar No. 00783902<br>CROSLEY LAW FIRM, P.C.<br>3303 Oakwell Court, Suite 200<br>San Antonio, Texas 78218<br>Tel: (210) 529-3000<br>Fax: (210) 444-1561<br>Email: tom@crosleylaw.com<br><br>NOLAN LAW GROUP<br>20 North Clark Street, 30th Floor<br>Chicago, Illinois 60602<br>Tel: (312) 630-4000<br>Fax: (312) 630-4011<br>*Pending Pro Hac Vice Admissions*<br>Donald J. Nolan<br>Illinois Bar No. 2058391<br>Thomas P. Routh<br>Illinois Bar No. 6237996<br>Email: djn@nolan-law.com<br>tpr@nolan-law.com<br><br>GLENN A. GARBER, P.C.<br>233 Broadway<br>Suite 2370<br>New York, NY 10279<br>Tel: (212) 965-9370<br>Fax: (212) 965-9375<br>*Pending Pro Hac Vice Admission*<br>Glenn A, Garber<br>Email: ggarber@glenngarber.com |

CSCG, a minor, and as personal representative
of the ESTATE OF VICTOR JORGE COLON
CAMACHO, deceased, and VICTOR
MANUEL COLON MAGE;

LOURDES MARIA PEREZ ROMERO,
individually and as personal representative of
the ESTATE OF ERIC RAUL CIRCUNS
GONZALEZ, deceased, ERIC XAVIER
CIRCUNS PEREZ, and ERIC RAUL
CIRCUNS QUIROS

ROBERTO ESPADA VEGA, individually and
as personal representative of the ESTATE OF
ROBERTO ANGEL ESPADA GALI,
deceased, LUIS DANIEL ESPADA GALI, and
LADITZA GARCIA GALI;

| **DEFENDANTS** | **COUNSEL FOR DEFENDANTS** |
| --- | --- |
| STANDARD AERO (SAN ANTONIO), INC., and STANDARD AERO REDESIGN SERVICES, INC. | Stuart B. Brown, Jr.<br>State Bar No. 24006914<br>bbrown@jw.com<br>Justin V. Lee<br>State Bar No. 24097982<br>jlee@jw.com<br>**JACKSON WALKER LLP**<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas  75201<br>Telephone: (214) 953-6000<br>Facsimile:  (214) 661-6608<br><br>Stephen Calhoun<br>State Bar No. 24069457<br>scalhoun@jw.com<br>**JACKSON WALKER LLP**<br>112 E. Pecan St., Suite 2400<br>San Antonio, Texas  78205<br>Telephone: (210) 978-7700<br>Facsimile:  (210) 978-7790 |

25920692v.1

# EXHIBIT A

FILED
4/27/2020 2:56 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

NO. _2020CI07784_

| | | |
|---|---|---|
| | | 408th |
| ALICIA JASMIN GONZALEZ MALDONADO, | § | IN THE DISTRICT COURT |
| individually, as mother and next friend of | § | |
| CATALEYA MARINA ROMAN GONZALEZ, a | § | |
| minor, and as personal representative of the | § | |
| ESTATE OF JOSE RAFAEL ROMAN ROSADO, | § | |
| deceased, JEREMY JOSE ROMAN GUZMAN, | § | |
| SEBASTIAN GABRIEL ROMAN SANTOS, | § | |
| JOSE ROMAN and CLARA ROSADO; | § | |
| | § | |
| VEDA LIZ CRUZ RIVERA, individually, as | § | |
| personal representative of the ESTATE OF | § | |
| CARLOS MIGUEL PEREZ SERRA, deceased, and | § | |
| as mother and next friend of DIEGO ARMANDO | § | |
| PEREZ CRUZ, a minor, GIANCARLO PEREZ | § | |
| NAZARIO, MARILINDA NAZARIO ROSADO, | § | |
| as mother and next friend of ARIANA MARIE | § | |
| PEREZ NAZARIO, a minor, and | § | |
| CARMEN SERRA; | § | |
| | § | |
| NICOLETA IULIANA PADUREANU, | § | |
| individually, as mother and next friend of | § | |
| AELIANA IRENE ALBANDOZ, a minor, and as | § | |
| personal representative of the ESTATE OF | § | |
| DAVID SAMUEL ALBANDOZ, deceased | § | |
| JOSE M. ALBANDOZ and ROSA J. GARCIA; | § | |
| | § | |
| JEAN PAUL PARAVISINI RIVERA, individually | § | |
| and as personal representative of the ESTATE OF | § | |
| JAN ANTOINE PARAVISINI RUIZ, deceased, | § | |
| ANTOINETTE MARIE PARAVISINI RIVERA, | § | |
| PAOLA ALEJANDRA PARAVISINI RIVERA, | § | |
| ANTONIO PARAVISINI SANTIAGO and | § | |
| XENIA RUIZ SEDA; | § | |
| | § | |
| AILEEN ORTIZ FLORES, individually, as mother | § | |
| and next friend of MICHAEL ALEXANDER | § | |
| AUDIFFRED ORTIZ, a minor, as mother and next | § | |
| friend of JENSEN ANDRE AUDIFFRED ORTIZ, | § | |
| a minor, and as personal representative of the | § | |
| ESTATE OF JEAN MICHAEL AUDIFFRED | § | |
| RIVERA, deceased, JUAN AUDIFFRED and | § | |
| ISABEL RIVERA; | § | |

| | | |
|---|---|---|
| SOLDELIX GONZALEZ RIVERA, individually, as mother and next friend of VALERIA DEL MAR COLON GONZALEZ, a minor, as mother and next friend of CAMELIA SOFIA COLON GONZALEZ, a minor, and as personal representative of the ESTATE OF VICTOR JORGE COLON CAMACHO, deceased, and VICTOR MANUEL COLON MAGE; | § § § § § § § § | |
| | § | |
| LOURDES MARIA PEREZ ROMERO, individually and as personal representative of the ESTATE OF ERIC RAUL CIRCUNS GONZALEZ, deceased, ERIC XAVIER CIRCUNS PEREZ, and ERIC RAUL CIRCUNS QUIROS | § § § § § | |
| | § | |
| ROBERTO ESPADA VEGA, individually and as personal representative of the ESTATE OF ROBERTO ANGEL ESPADA GALI, deceased, LUIS DANIEL ESPADA GALI, and GLADITZA GARCIA GALI; | § § § § § | |
| | § | |
| v. | § § | ____ JUDICIAL DISTRICT |
| STANDARD AERO (SAN ANTONIO), INC., and STANDARD AERO REDESIGN SERVICES, INC., | § § § | BEXAR COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION AND DEMAND FOR JURY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ALICIA JASMIN GONZALEZ MALDONADO, individually, as mother and next friend of CATALEYA MARINA ROMAN GONZALEZ, a minor, and as personal representative of the ESTATE OF JOSE RAFAEL ROMAN ROSADO, deceased, JEREMY JOSE ROMAN GUZMAN, SEBASTIAN GABRIEL ROMAN SANTOS, JOSE ROMAN, and CLARA ROSADO (collectively the "**Roman Plaintiffs**"); VEDA LIZ CRUZ RIVERA, individually, as personal representative of the ESTATE OF CARLOS MIGUEL PEREZ SERRA, deceased, and as mother and next friend of DIEGO ARMANDO PEREZ CRUZ, a minor,

2

GIANCARLO PEREZ NAZARIO, MARILINDA NAZARIO ROSADO, as mother and next friend of ARIANA MARIE PEREZ NAZARIO, a minor, and CARMEN SERRA (collectively the "**Perez Plaintiffs**"); NICOLETA IULIANA PADUREANU, individually, as mother and next friend of AELIANA IRENE ALBANDOZ, a minor, and as personal representative of the ESTATE OF DAVID SAMUEL ALBANDOZ, deceased, JOSE M. ALBANDOZ, and ROSA J. GARCIA (collectively the "**Albandoz Plaintiffs**"), JEAN PAUL PARAVISINI RIVERA, individually and as personal representative of the ESTATE OF JAN ANTOINE PARAVISINI RUIZ, deceased, ANTOINETTE MARIE PARAVISINI RIVERA, PAOLA ALEJANDRA PARAVISINI RIVERA, ANTONIO PARAVISINI SANTIAGO, and XENIA RUIZ SEDA, (collectively the "**Paravisini Plaintiffs**"); AILEEN ORTIZ FLORES, individually, as mother and next friend of MICHAEL ALEXANDER AUDIFFRED ORTIZ, a minor, as mother and next friend of JENSEN ANDRE AUDIFFRED ORTIZ, a minor, and as personal representative of the ESTATE OF JEAN MICHAEL AUDIFFRED RIVERA, deceased, JUAN AUDIFFRED, and ISABEL RIVERA (collectively the "**Audiffred Plaintiffs**"); SOLDELIX GONZALEZ RIVERA, individually, as mother and next friend of VALERIA DEL MAR COLON GONZALEZ, a minor, as mother and next friend of CAMELIA SOFIA COLON GONZALEZ, a minor, and as personal representative of the ESTATE OF VICTOR JORGE COLON CAMACHO, deceased, and VICTOR MANUEL COLON MAGE (collectively the "**Colon Plaintiffs**"); LOURDES MARIA PEREZ ROMERO, individually and as personal representative of the ESTATE OF ERIC RAUL CIRCUNS GONZALEZ, deceased, ERIC XAVIER CIRCUNS PEREZ, and ERIC RAUL CIRCUNS QUIROS (collectively the "**Circuns Plaintiffs**"); and ROBERTO ESPADA VEGA, individually and as personal representative of the ESTATE OF ROBERTO ANGEL ESPADA GALI, deceased, LUIS DANIEL ESPADA GALI, and GLADITZA GARCIA GALI (collectively the

3

"**Espada Plaintiffs**"), hereinafter called the Plaintiffs, and file this Original Petition complaining of STANDARD AERO (SAN ANTONIO), INC., and STANDARD AERO REDESIGN SERVICES, INC., hereinafter called Defendants, and for cause of action would respectfully show the Court and jury the following:

## I.
## DISCOVERY LEVEL

1.      Pursuant to Rule 190.3 and its subparts of the Texas Rules of Civil Procedure discovery is intended to be conducted under Level 3 of this Rule.

## II.
## PARTIES AND SERVICE

2.      All individually named Plaintiffs are beneficiaries entitled to bring this action pursuant to Section 71.001 et. seq. and Section 71.021 of the Texas Civil Practices and Remedies Code, otherwise known as the Wrongful Death/Survival Statute. Their names and relationships to the decedents in this matter are:

    A.  Decedent: Jose Rafael Roman Rosado

        i.      Alicia Jasmin Gonzalez Maldonado – wife
        ii.     Jeremy Jose Roman Guzman - son
        iii.    Sebastian Gabriel Roman Santos – son
        iv.     Cateleya Marina Roman Gonzalez – minor daughter
        v.      Jose Roman – father
        vi.     Clara Rosado – mother

    B.  Decedent: Carlos Miguel Perez Serra

        i.      Veda Liz Cruz Rivera – wife
        ii.     Giancarlo Perez Nazario – son
        iii.    Ariana Marie Perez Nazario – minor daughter
        iv.     Diego Armando Perez Cruz – minor son
        v.      Carmen Serra – mother

    C.  Decedent: David Samuel Albandoz

        i.      Nicoleta Iuliana Padureanu – wife

        ii.     Aeliana Irene Albandoz – minor daughter
        iii.    Jose M. Albandoz - father
        iv.    Rosa J. Garcia – mother

D. Decedent: Jan Antoine Paravisini Ruiz

        i.     Jean Paul Paravisini Rivera - son
        ii.    Antoinette Marie Paravisini Rivera - daughter
        iii.    Paola Alejandra Paravisini Rivera - daughter
        iv.    Antonio Paravisini - father
        v.     Xenia Ruiz – mother

E. Jean Michael Audiffred Rivera

        i.     Aileen Ortiz Flores – wife
        ii.    Michael Alexander Audiffred Ortiz – minor son
        iii.    Jensen Andre Audiffred Ortiz – minor son
        iv.    Juan Audiffred - father
        v.     Isabel Rivera – mother

F. Victor Jorge Colon Camacho

        i.     Soldelix Gonzalez Rivera - wife
        ii.    Valeria Del Mar Colon Gonzalez – minor daughter
        iii.    Camelia Sofia Colon Gonzalez – minor daughter
        iv.    Victor Colon - father

G. Eric Raul Circuns Gonzales

        i.     Lourdes Maria Perez Romero - wife
        ii.    Eric Xavier Circuns Perez - son
        iii.    Eric Raul Circuns Quiros – father

H. Roberto Espada

        i.     Roberto Espada Vega - father
        ii.    Luis Daniel Espada Gali - brother
        iii.    Gladitza Garcia Gali – sister

3.     With regard to the estates of the Decedents, ALICIA JASMIN GONZALEZ MALDONADO, is the personal representative of the ESTATE OF JOSE RAFAEL ROMAN ROSADO, deceased; VEDA LIZ CRUZ RIVERA, is the personal representative of the ESTATE OF CARLOS MIGUEL PEREZ SERRA, deceased; NICOLETA IULIANA PADUREANU, is the

personal representative of the ESTATE OF DAVID SAMUEL ALBANDOZ, deceased; JEAN PAUL PARAVISINI RIVERA, is the personal representative of the ESTATE OF JAN ANTOINE PARAVISINI RUIZ, deceased; AILEEN ORTIZ FLORES, is the personal representative of the ESTATE OF JEAN MICHAEL AUDIFFRED RIVERA, deceased; SOLDELIX GONZALEZ RIVERA, is the personal representative of the ESTATE OF VICTOR JORGE COLON CAMACHO, deceased; LOURDES MARIA PEREZ ROMERO, is the personal representative of the ESTATE OF ERIC RAUL CIRCUNS GONZALEZ, deceased; and ROBERTO ESPADA VEGA, is the personal representative of the ESTATE OF ROBERTO ANGEL ESPADA GALI, deceased.

4.     All of Plaintiffs' Decedents were residents of the Commonwealth of Puerto Rico at the time of their deaths with the exception of the Decedent, DAVID SAMUEL ALBANDOZ, who was a resident of the State of Alabama at the time of his death.

5.     Defendant STANDARD AERO (SAN ANTONIO), INC., is a corporation duly formed and existing under the laws of the State of Delaware that maintains it principal place of business at 3523 General Hudnell Drive, San Antonio 78226-2030. Service of citation may be secured on such defendant by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.     Defendant STANDARD AERO REDESIGN SERVICES, INC. is a corporation duly formed and existing under the laws of the State of Delaware that maintains it principal place of business at 3523 General Hudnell Drive, San Antonio 78226-2030. Service of citation may be secured on such defendant by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.
### VENUE

7.      Venue is proper in Bexar County, Texas because Defendant STANDARD AERO (SAN ANTONIO), INC., has its principal office in Bexar County, Texas. Tex. Civ. Prac. & Rem. Code §15.002(a) (3) and a substantial part of the events and omissions giving rise to this action occurred in Bexar County, Texas.

## IV.
## FACTS

8.      On May 2, 2018, Plaintiffs' Decedents, JOSE RAFAEL ROMAN ROSADO, CARLOS MIGUEL PEREZ SERRA, DAVID SAMUEL ALBANDOZ, JAN ANTOINE PARAVISINI RUIZ, JEAN MICHAEL AUDIFFRED RIVERA, VICTOR JORGE COLON CAMACHO, ERIC RAUL CIRCUNS GONZALEZ, and ROBERTO ANGEL ESPADA GALI, were employed as airmen with the Puerto Rico Air National Guard, 198th Airlift Squadron 156th Airlift Wing, stationed at Muñiz Air National Guard Base, Carolina, Puerto Rico.

9.      Prior to May 2, 2018, the Decedents received orders to operate a certain airplane, a Lockheed model WC-130H airplane, serial number 4110, with military registration 65-0968, on a flight from Savannah/Hilton Head International Airport in the State of Georgia to Davis-Monthan Air Force Base in the State of Arizona.

10.      On May 2, 2018 at approximately 11:26 a.m. Eastern Standard Time, the said airplane was departing Runway 10 at Savannah/Hilton Head International Airport when it experienced a loss of power in its far left or number one engine (hereinafter "No. 1 Engine").

11.      Immediately after the airplane became airborne, the airplane yawed to its left, then can be seen on video roll to the right and enter a right sideslip. Thereafter while airborne, the crew retracted the landing gear and feathered the propeller for the No. 1 Engine. The crew informed the control tower there was a mechanical problem with the airplane and advised the control tower of

their intention to return to the airport. The airplane had reached an altitude of approximately 900 feet MSL and 131 knots of indicated airspeed when the airplane experienced approximately 9 degrees of rudder deflection and banked 19 degrees to the left and ultimately crashed into the ground killing all nine individuals on board the airplane.

12.     The No. 1 engine on the airplane which experienced the power loss was a Rolls Royce Model T-56-A-15, Serial No. 00AD109984. The major component parts of the No. 1 engine included the Reduction Gearbox, S/N AG-029043, P/N 6847260; Compressor Module S/N AD-0C5N0020, P/N 23072502; and Turbine Module S/N AD-0T502200, P/N 23078542

13.      Prior to May 2, 2018, the Compressor Module of the No. 1 Engine underwent a complete overhaul that was performed by Defendant, STANDARD AERO (SAN ANTONIO), INC., and the overhauled module had only operated 35.4 hours since overhaul at the time of the May 2, 2018 occurrence.  The Compressor Module includes the following major components: compressor rotor, case and vane assembly, air inlet housing, diffuser, accessory drive gearbox with oil pumps, anti-ice valves, bleed air valves, fuel nozzles, fuel manifolds, air and oil tubes and hoses, engine mount, and prop and engine control hardware. Defendant, STANDARD AERO (SAN ANTONIO), INC., further performed certain other maintenance, repair, and overhaul work on the airplane and its No. 1 Engine prior to the May 2, 2018.

14.     Prior to May 2, 2018, Defendant, STANDARD AERO REDESIGN SERVICES, INC., managed and/or performed certain maintenance, repair and/or overhaul work on the airplane and its No. 1 Engine.

15.     Defendants, STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC., and each of them, owed a legal duty of care to Plaintiffs' Decedents, and each of them, to exercise ordinary and reasonable care in the performance of their

8

work on the airplane and its components and to perform their work in compliance with its customer's specifications and all applicable local, state, and federal laws and executive orders and regulations.

16.     The airplane impacted the ground because the Defendants, STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC., and each of them, failed to properly perform their work on the airplane and the No. 1 Engine act in accordance with their duty, which caused mechanical problems leading to a deviation from controlled flight shortly after takeoff on May 2, 2018.

## V.
## NEGLIGENCE -SASAI

17.     With regard to the May 2, 2018 occurrence, Defendant, STANDARD AERO (SAN ANTONIO), INC., acted in a negligent manner because it violated the duty of care it owed to the Plaintiffs' Decedents, and each of them, in particulars including but not limited to the following:

  i.     Failed to properly maintain, repair and/or overhaul the compressor module and/or other components of airplane and the No. 1 Engine;

  ii.    Failed to properly inspect and test the condition of the component parts of the No. 1 Engine, including its compressor module;

  iii.   Returned the compressor module of the No. 1 Engine to its customer when it knew or should have known that the compressor module, including component parts, was not in a safe or airworthy condition; and

  iv.    Returned the airplane to its customer when it knew or should have known that the airplane not capable of safe flight operations.

## VI.
## NEGLIGENCE - SARSI

18.     With regard to the May 2, 2018 occurrence, Defendant, STANDARD AERO REDESIGN SERVICES, INC., acted in a negligent manner because it violated the duty of care it

owed to the Plaintiffs' Decedents, and each of them, in particulars including but not limited to the following:

    i.      Failed to properly maintain and/or manage the maintenance of the No. 1 Engine;

    ii.     Failed to properly repair and/or mange the repair of the No. 1 Engine;

    iii.    Failed to properly inspect and/or monitor the condition of the component parts of the No. 1 Engine for unsafe conditions; and/or

    iv.    Returned or allowed the return of the compressor module of the No. 1 Engine to its customer when it knew or should have known that the compressor module was not in a safe or airworthy condition;

**VII.**
**DAMAGES**

19.    Plaintiffs adopt by reference here the statements made in paragraphs 1-18.

20.    On May 2, 2018 and as a direct and proximate result of the negligence of the Defendants, STANDARD AERO (SAN ANTONIO), INC., and STANDARD AERO REDESIGN SERVICES, INC., and each of them, Plaintiff's Decedents, JOSE RAFAEL ROMAN ROSADO CARLOS MIGUEL PEREZ SERRA, DAVID SAMUEL ALBANDOZ, JAN ANTOINE PARAVISINI RUIZ, JEAN MICHAEL AUDIFFRED RIVERA, VICTOR JORGE COLON CAMACHO, ERIC RAUL CIRCUNS GONZALEZ, and ROBERTO ANGEL ESPADA GALI, and each of them, suffered horrific injuries and pain and suffering, including severe terror, prior to and resulting in their deaths.

21.    With regard to the Roman Plaintiffs, the Decedent, JOSE RAFAEL ROMAN ROSADO, was 43 years old at the time of his death and had been in excellent health.  He held the rank of Major and was an aircraft commander with 18 years of service and more than 3,480 flight hours.  He was a loving and caring husband, father, and son who also provided significant economic support to his family.

10

22.     With further regard to the Perez Plaintiffs, the Decedent, CARLOS MIGUEL PEREZ SERRA, was 43 years old at the time of his death and had been in excellent health.  He held the rank of Major and was a master navigator and evaluator with 23 years of service and more than 2,400 flying hours. He was a loving and caring husband, father, and son who also provided significant economic support to his family.

23.     With further regard to the Albandoz Plaintiffs, the Decedent, DAVID SAMUEL ALBANDOZ, was 37 years old at the time of his death and had been in excellent health.  He held the rank of 2nd Lieutenant and was a pilot and former loadmaster with 16 years of service. He was a loving and caring husband, father, and son who also provided significant economic support to his family.

24.     With further regard to the Paravisini Plaintiffs, the Decedent, JAN ANTOINE PARAVISINI RUIZ, was 46 years old at the time of his death and had been in excellent health. He held the rank of Senior Master Sergeant and was a maintenance management analyst with 21 years of service. He was a loving and caring father and son who also provided significant economic support to his family.

25.     With further regard to the Audiffred Plaintiffs, the Decedent, JEAN MICHAEL AUDIFFRED RIVERA, was 35 years old at the time of his death and had been in excellent health. He held the rank of Master Sergeant and was an aircraft maintenance craftsman and flying crew chief with 16 years of service. He was a loving and caring husband, father, and son who also provided significant economic support to his family.

26.     With further regard to the Colon Plaintiffs, the Decedent, VICTOR JORGE COLON CAMACHO, was 42 years old at the time of his death and had been in excellent health. He held the rank of Master Sergeant and was an aircrew flight equipment craftsman with 22 years

11

of service. He was a loving and caring husband, father, and son who also provided significant economic support to his family.

27.     With further regard to the Circuns Plaintiffs, the Decedent, ERIC RAUL CIRCUNS GONZALEZ, was 51 years old at the time of his death and had been in excellent health.  He held the rank of Master Sergeant and was a senior evaluator loadmaster with more than 2,900 flying hours and 31 years of service. He was a loving and caring husband, father, and son who also provided significant economic support to his family.

28.     With further regard to the Espada Plaintiffs, the Decedent, ROBERTO ANGEL ESPADA GALI, was 36 years old at the time of his death and had been in excellent health.  He held the rank of Senior Airman and was an aircrew flight equipment journeyman with 3 years of service who also worked as an accountant. He was a loving and caring son and brother who also provided significant economic support to his family.

## VIII.
## EXEMPLARY DAMAGES

29.     Plaintiffs adopt and reallege each paragraph set forth above as if fully set forth herein.   The conduct of Defendants, STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC., complained of herein was grossly negligent and subjects Defendants to liability for exemplary damages, for which Plaintiffs hereby sue. Defendants' conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to consumers, such as Plaintiffs' decedents.  Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiffs' decedents.  Therefore, exemplary damages should be assessed against Defendants, STANDARD AERO (SAN ANTONIO), INC.,

12

and STANDARD AERO REDESIGN SERVICES, INC., and each of them, to deter them and others similarly situated from consciously disregarding the rights, safety, and welfare of others.

## IX.
## REQUEST FOR DISCLOSURE

30.     Pursuant to Tex. R. Civ. P. 194, Defendants, STANDARD AERO (SAN ANTONIO), INC. and STANDARD AERO REDESIGN SERVICES, INC., are each requested to disclose to Plaintiffs at the office of the undersigned counsel for Plaintiffs, within 50 days of service of this request, the information or material described in Rule 194.2, including all subparts.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that Plaintiffs have judgment against Defendants for all of Plaintiffs' damages, jointly and severally, including pre-judgment and post-judgment interest, and all other relief at law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

CROSLEY LAW FIRM, P.C.
3303 Oakwell Court, Suite 200
San Antonio, Texas 78218
Tel: (210) 529-3000
Fax: (210) 444-1561 (fax)
Service Email: service@crosleylaw.com

By:_____
      Thomas A. Crosley
      Texas Bar No. 00783902
      Email: tom@crosleylaw.com

NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000
Fax: (312) 630-4011
*Pending Pro Hac Vice Admissions*

13

Donald J. Nolan
Illinois Bar No. 2058391
Thomas P. Routh
Illinois Bar No. 6237996
Email: djn@nolan-law.com
          tpr@nolan-law.com

ATTORNEYS FOR PLAINTIFFS

          -and-

GLENN A. GARBER, P.C.
233 Broadway
Suite 2370
New York, NY 10279
Tel: (212) 965-9370
Fax: (212) 965-9375
*Pending Pro Hac Vice Admission*

          Glenn A, Garber
          Email: ggarber@glenngarber.com

ATTORNEY FOR PLAINTIFF
ROBERTO ESPADA VEGA, ONLY

14

 CT Corporation

**Service of Process Transmittal**
05/11/2020
CT Log Number 537649984

TO:    Diane Roseborough, Senior Paralegal
       StandardAero
       6710 N. Scottsdale Rd., Suite 250
       Scottsdale, AZ 85253

RE:    **Process Served in Texas**

FOR:   Standard Aero Redesign Services Inc.  (Former Name)  (Domestic State: DE)
       StandardAero Aviation Solutions, Inc. (True Name)
       *According to our records representation services for this entity have been discontinued in this jurisdiction.*

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alicia Jasmin Gonzalez Maldonado Individually, As Mother And Next Friend Of Cataleya Marina Roman Gonzalez, Minor, And As Personal Representative Of The Estate Of Jose Rafael Roman Rosado Deceased, et al., Pltfs. vs. Standard Aero (San Antonio), Inc., and Standard Aero Redesign Services Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CI07784 |
| **NATURE OF ACTION:** | Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/11/2020 postmarked on 05/05/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2020, Expected Purge Date: 05/17/2020<br><br>Image SOP<br><br>Email Notification, Diane Roseborough  diane.roseborough@standardaero.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

BEA VALDEZ, Mᴏᴍ
BZBEE PROCESS
P.O. BOX 780094
SAN ANTONIO, TX 78278

CERTIFIED MAIL

7020 0090 0001 3736 8833

UNITED STATES
POSTAL SERVICE

1000

75201

U.S. PO
FCM LG
SAN AN
78230
MAY 05
AMOUN
$8
R2303S

Standard Aero Redesign Services Inc.
Registered Agent
CT Corporation System
1999 Bryan St. Suite 900
Dallas. Tx 75201

PRIVATE PROCESS

Case Number: 2020-CI-07784

2020CI07784 S00002

**ALICIA J G MALDONADO ET AL**
**VS.**
**STANDARD AREO INC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  STANDARD AERO REDESIGN SERVICES INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND DEMAND FOR JURY , a default judgment may be taken against you." Said ORIGINAL PETITION AND DEMAND FOR JURY was filed on the 27th day of April, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF APRIL A.D., 2020.

THOMAS A CROSLEY
ATTORNEY FOR PLAINTIFF
3303 OAKWELL CT 200
SAN ANTONIO, TX 78218

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*, Deputy

---

ALICIA J G MALDONADO ET AL
VS
STANDARD AREO INC ET AL

**Officer's Return**

Case Number: 2020-CI-07784
Court: 408th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND DEMAND FOR JURY  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #: RSC#5165 Date certification expires: 05-31-22

via Certified Mail 70200090 0001 3736 8833
OR: VERIFICATION OF RETURN (If not served by a peace officar) SWORN TO THIS

4-4/20

By:_____ County, Texas

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____. _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

 CT Corporation

**Service of Process Transmittal**
05/27/2020
CT Log Number 537715550

TO: Diane Roseborough, Senior Paralegal
StandardAero
6710 N. Scottsdale Rd., Suite 250
Scottsdale, AZ 85253

RE: **Process Served in Texas**

FOR: Standard Aero Redesign Services Inc.  (Former Name)  (Domestic State: DE)
StandardAero Aviation Solutions, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alicia Jasmin Gonzalez Maldonado Individually, As Mother And Next Friend Of Cataleya Marina Roman Gonzalez, Minor, And As Personal Representative Of The Estate Of Jose Rafael Roman Rosado Deceased, et al., Pltfs. vs. Standard Aero (San Antonio), Inc. and Standard Aero Redesign Services Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CI07784 |
| **NATURE OF ACTION:** | Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/27/2020 postmarked on 05/22/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/27/2020, Expected Purge Date: 06/01/2020<br><br>Image SOP<br><br>Email Notification,  Diane Roseborough  diane.roseborough@standardaero.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/27/2020
CT Log Number 537715550

**TO:** Diane Roseborough, Senior Paralegal
StandardAero
6710 N. Scottsdale Rd., Suite 250
Scottsdale, AZ 85253

**RE:** **Process Served in Texas**

**FOR:** Standard Aero Redesign Services Inc.  (Former Name)  (Domestic State: DE)
StandardAero Aviation Solutions, Inc. (True Name)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Certified Mail on 05/11/2020 postmarked on 05/05/2020 | Diane Roseborough, Senior Paralegal StandardAero | 537649984 |

Page 2 of  2 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

BEA VALD[...]
DBA BZBEE PROCESS
P.O. BOX 780094
SAN ANTONIO, TX 78278

7019 0160 0000 5214 9083

UNITED STATES
POSTAL SERVICE®

1000

75201

U.S. POSTAGE PAID
FCM LG ENV
SAN ANTONIO, TX
78230
MAY 22, 20
AMOUNT

$8.00

R2303S100943-9

STANDARD AERO REDESIGN SERVICES INC.
REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
Dallas TX 75201



PRIVATE PROCESS

Case Number: 2020-CI-07784

2020CI07784 S00005

ALICIA J G MALDONADO ET AL

VS.

STANDARD AREO (SAN ANTONIO) INC ET AL

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   STANDARD AERO REDESIGN SERVICES INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION AND DEMAND FOR JURY , a default judgment may be taken against you." Said ORIGINAL PETITION AND DEMAND FOR JURY  was filed on the 27th day of April, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF MAY A.D., 2020.

THOMAS A CROSLEY
ATTORNEY FOR PLAINTIFF
3303 OAKWELL CT 200
SAN ANTONIO, TX 78218

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*,  Deputy

ALICIA J G MALDONADO ET AL
VS
STANDARD AREO (SAN ANTONIO) INC ET AL

**Officer's Return**

Case Number: 2020-CI-07784
Court: 408th Judicial District Court

I received this CITATION on _____ at ___-_____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND DEMAND FOR JURY  the date of delivery endorsed on it to the defendant, _____, in person  on  the _____ at _____ o'clock ___M. at:_____ or  (  )  not  executed  because _____

Fees:_____ Badge/PPS‑PSC#5165 Date certification expires: 05-31-22

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

05-22-20

_____
NOTARY PUBLIC, STATE OF TEXAS

VIA US POSTAL SERVICE

OR: My name is 7019 0160 0000 5214 9083 , my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)



# Case #2020CI07784

**Name**: ALICIA JASMIN GONZALEZ MALDONADO

**Date Filed** : 4/27/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 408

**Docket Type** : OTHER INJURY OR DAMAGE

**Business Name** : 2020CI07784

**Style** : ALICIA J G MALDONADO ET AL

**Style (2)** : vs STANDARD AREO (SAN ANTONIO) INC ET AL

---

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| S00005 | 5/20/2020 | CITATION<br>STANDARD AERO REDESIGN SERVICES INC<br>ISSUED: 5/20/2020 |
| S00004 | 5/20/2020 | CITATION<br>STANDARD AERO SAN ANTONIO INC<br>ISSUED: 5/20/2020 |
| S00002 | 4/30/2020 | CITATION<br>STANDARD AERO REDESIGN SERVICES INC<br>ISSUED: 4/30/2020 |
| S00001 | 4/30/2020 | CITATION<br>STANDARD AERO SAN ANTONIO INC<br>ISSUED: 4/30/2020 |
| P00002 | 4/27/2020 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 4/27/2020 | PETITION |

# EXHIBIT B

CAUSE NO. 2020CI07784

| | | |
|---|---|---|
| ALICIA JASMIN GONZALEZ MALDONADO, ET AL. | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| STANDARD AERO (SAN ANTONIO), INC. AND STANDARD AERO REDESIGN SERVICES, INC. | § § § § | |
| Defendants. | § § | 408TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S NOTICE OF REMOVAL OF ACTION</u>

Pursuant to 28 U.S.C. § 1446(d), notice is hereby given of the removal of the above-captioned action, Cause No. 2020CI07784, from the 408th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. A copy of the Notice of Removal, without attachments, filed in the United States District Court is attached hereto.

Respectfully submitted,

By:   */s/ Stuart B. Brown, Jr.*
　　　Stuart B. Brown, Jr.
　　　State Bar No. 24006914
　　　bbrown@jw.com
　　　Justin V. Lee
　　　State Bar No. 24097982
　　　jlee@jw.com
　　　**JACKSON WALKER LLP**
　　　2323 Ross Avenue, Ste. 600
　　　Dallas, TX 75201
　　　Telephone: (214) 953-6000
　　　Facsimile: (214) 661-6803

　　　**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on May 28, 2020, a true and correct copy of the foregoing document was served via email and/or efile transmission on all counsel of record.

*/s/ Stuart B. Brown, Jr.*
Stuart B. Brown, Jr.